## In re COLMAN.

Court of Appeals of District of Columbia. Submitted January 15, 1929. Decided February 4, 1929.

No. 2102.

Geo. L. Chindahl, of Chicago, Ill., for appellant.

T. A. Hostetler and Howard S. Miller, both of Washington, D. C., for Patent Office.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a decision of the Commissioner of Patents affirming the action of the examiners in chief in refusing to allow claim 30 of appellant's application.

The invention is a machine called a warper, in which the threads for forming the warp of cloth are wound upon a large spool called a section beam preparatory to its insertion in the loom. The spool or beam upon which the warp threads are wound is driven by a driving drum which is moved at slow speed by planetary gearing contained in the drum and controlled by the operator by means of a treadle. The drum can also be driven at high speed through a clutch which has its friction surfaces compressed by pressure of a spring to lessen slipping. Speed responsive means are provided to control the high speed driving means while the rotation of the beam is being accelerated. This control consists of a centrifugal governor in which weighted arms are mounted in such a way as to counteract the pressure of the spring in the event of too rapid acceleration of the drum and winding beam.

Appellant's application contained 36 claims, of which claim 30 is the only one now upon appeal. It reads as follows:

"30. A high-speed warper having, in combination, a drum for supporting and rotating a section beam, means to drive the drum at low speed, means to drive the drum at high speed, and speed-responsive means to control the high-speed driving means, while the beam is being accelerated."

The claim was rejected upon the following references: Tobie, 134541, December 24, 1872; Beregh, 1342525, June 8, 1920; Catucci, 1101726, June 30, 1914.

The patent to Tobie shows a low speed and a high speed driving device for driving a warp beam, consisting in part of a shaft operated through a friction clutch compressed by a spring. His invention, however, contains no centrifugal governor with weighted arms like that of appellant's machine. With this exception Tobie's patent clearly anticipates the appealed claim.

The patents to Beregh and Catucci, however, disclose such a governor used in other arts, which by the application of mere mechanical skill may be made to function exactly like appellant's device. Moreover, it is a matter of common knowledge that governors of this character are used in various mechanisms to prevent excessive speed, of which the most common is the steam engine. Accordingly, to supply a governor broadly to govern the speed of a machine needs merely the skill of a mechanic and not invention.

We agree, therefore, with the unanimous decisions of the Patent Office that claim 30 should be rejected, and affirm the decision of the Commissioner.

Affirmed.